## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 8:21-cv-01835-JVS-JDE | Date | April 4, 2022 |
|---|---|---|---|
| Title | Sarah Philhart v. County of Orange, et al. | | |

PRESENT:

### HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT JUDGE

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) Order Regarding Motion to Dismiss**

Defendants County of Orange and Orange County Sheriff's Department ("Defendants") filed a motion to dismiss. Mot., Dkt. No. 21. Plaintiff Sarah Philhart ("Philhart") opposed the motion. Opp'n, Dkt. No. 22. Defendants replied. Reply, Dkt. No. 23.

For the following reasons, the Court **GRANTS** the motion with leave to amend.

### I. BACKGROUND

On January 28, 2021, Philhart was arrested for driving under the influence and was sentenced to six months of incarceration. First Amended Complaint ("FAC"), Dkt. No. 10, ¶ 10. On February 14, 2021, Philhart was transferred from Orange County Jail to the Theo Lacy detention facility and assigned a top bunk. Id. ¶¶ 10–11. On February 21, 2021, Philhart alleges that she fell off the top bunk during her sleep and suffered personal injuries. Id. ¶ 18.

Philhart brought this action against Defendants under 42 U.S.C. § 1983, alleging violation of her Eighth Amendment right to prohibition against cruel and unusual punishment. Compl., Dkt. No. 1. Philhart also filed a Request to Proceed In Forma Pauperis ("IFP"). Dkt. No. 4. The Magistrate Judge provided Philhart with the option to file an amended complaint remedying the defects in the Complaint. Order re Compl. And

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:21-cv-01835-JVS-JDE | Date | April 4, 2022 |
|---|---|---|---|
| Title | Sarah Philhart v. County of Orange, et al. | | |

IFP App., Dkt. No. 9 at 5. In response, Philhart filed the FAC alleging a 42 U.S.C. § 1983 claim for violation of rights under the Eighth and Fourteenth Amendments. FAC, Dkt. No. 10. Based on the FAC, the Magistrate Judge issued an order granting Philhart's Request to Proceed IFP.1 Dkt. No. 11. Defendants filed a motion to dismiss the FAC. Mot., Dkt. No 21.

**II. LEGAL STANDARD**

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Most succinctly stated, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This

---

1 Plaintiff argues that the FAC is sufficiently pleaded on the grounds that the Magistrate Judge granted her Request to Proceed IFP. Opp'n, Dkt. No. 22 at 4. "A district court may deny leave to proceed [IFP] at the outset if it appears from the face of the proposed complaint that the action is *frivolous or without merit*." Dkt. No. 9 at 2 (quoting Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998)) (emphasis added). The Order from the Magistrate Judge was made for the "limited purpose of ruling on Plaintiff's IFP Application," and such rulings are not binding on the district court in determining sufficiency of the FAC. Dkt. No. 9 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:21-cv-01835-JVS-JDE | Date | April 4, 2022 |
|---|---|---|---|
| Title | Sarah Philhart v. County of Orange, et al. | | |

determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

Defendants argue that Philhart's § 1983 claim should be dismissed because the FAC fails to state a claim upon which relief can be granted. Mot., Dkt. No. 21 at 6. Specifically, Defendants contend that "[Philhart] fails to allege specific facts showing official policy or custom of Defendants' caused a deprivation of [Philhart]'s rights." Id.

"Pursuant to 42 U.S.C. § 1983, a local government may be liable for constitutional torts committed by its officials according to municipal policy, practice, or custom." Weiner v. San Diego Cnty., 210 F.3d 1025, 1028 (9th Cir. 2000) (citing Monell v. Dep't of Social Servs. of N.Y., 436 U.S. 658, 690–91 (1978)). The Ninth Circuit has delineated this standard into four requirements that a plaintiff must show to impose municipal liability under § 1983: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (alterations and internal quotation marks omitted); see also City of Canton v. Harris, 489 U.S. 378, 388–89 (1989). Under a ratification theory "the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (per curiam) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). Alternatively, liability may be based on a policy, practice or custom of omission amounting to deliberate indifference. Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175 (9th Cir. 2002).

Existence of a custom or policy may be established through allegations of (1) a formal policy or practice that constitutes the standard operating procedure of the governmental entity; (2) the individual who committed the constitutional tort was an official with final policy-making authority; or (3) an official with final policy-making authority ratified a subordinate's unconstitutional action and the basis for it. Trevino v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:21-cv-01835-JVS-JDE | Date | April 4, 2022 |
|---|---|---|---|
| Title | Sarah Philhart v. County of Orange, et al. | | |

Gates, 99 F.3d 911, 918 (9th Cir. 1996).

    To survive a motion to dismiss, a Monell claim must: (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively;" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." A.E. ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

    Defendants contend that Philhart's Monell claim fails for two reasons. First, Philhart has failed to identify any custom or policy that deprived her of her constitutional rights. See Mot., Dkt. No. 21 at 6–7. Second, Philhart has failed to plead fact sufficient to reflect a deliberate indifference to her constitutional rights. See id. at 7–8. The Court agrees with contentions. Philhart's FAC is devoid of any allegations regarding what specific policies, practices, or customs contributed to the alleged constitutional violations. Similarly, the FAC also fails to allege facts showing any deliberate indifference to her rights. Instead, the FAC sets forth conclusory statements that Defendants "maintained a policy, custom and practice of deliberate indifference to the known consequences to the health and safety of its inmates by allowing the existence of known and unsafe conditions." FAC, Dkt. No. 10, ¶ 20. These allegations lack sufficient factual content regarding the specific nature and deficiencies of the alleged policy and fail to connect the alleged policy as the cause of the purported harm. See, e.g., Mong Kim Tran v. City of Garden Grove, 2012 WL 405088, at *4 (C.D. Cal. Feb. 7, 2012) (finding conclusory allegation of inadequate police training insufficient to state Monell claim where plaintiff did not plead specific allegations regarding what the trainings were, how they were deficient, or how they caused plaintiff harm); Chavez v. San Bernardino Cnty., 2008 WL 638150, at *4 (C.D. Cal. Feb. 27, 2008) (finding conclusory allegation that employees of County and Sheriff's Department provided deficient medical care in accordance with policy insufficient to state Monell claim). Thus, Philhart has failed to include any underlying facts sufficient to give fair notice to Defendants of the alleged policies or customs and constitutional violations.

    Moreover, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:21-cv-01835-JVS-JDE | Date | April 4, 2022 |
|----------|----------------------|------|---------------|
| Title | Sarah Philhart v. County of Orange, et al. | | |

and consistency that the conduct has become a traditional method of carrying out policy."
Trevino, 99 F.3d at 918. Here, Philhart does not include specific allegations outside of
their individual case. This single incident involving the Plaintiff is insufficient to
establish the existence of a policy or custom by the Defendants. Thus, Philhart has not
pleaded enough to adequately state a Monell claim.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion to dismiss with leave to
amend. Philhart may file an amended complaint within 30 days.

**IT IS SO ORDERED.**