Randall J. Paulson, Esq., SBN 206933
**LAW OFFICES OF RANDALL J. PAULSON**
1651 E. 4th St., Ste. 215
Santa Ana, CA  92701
Tel    :        (714)   541-1023
Fax   :        (714)   541-1166
Email  :        rpaulson@paulsonslaw.com

Attorney for Plaintiff:  SARAH PHILHART

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| SARAH PHILHART,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT; and DOES 1 to 10,<br><br>　　　　Defendants. | Case No.: 8:21-cv-01835<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. 42 U.S.C. §1983- VIOLATIONS OF RIGHTS UNDER THE UNITED STATES CONSTITUTION'S EIGHTH AND FOURTEENTH AMENDMENTS;<br>2. VIOLATION OF CAL. CIV. CODE §51;<br><br>DEMAND FOR JURY TRIAL |

　　　Plaintiff, SARAH PHILHART, hereby files this action under section 1983 of the United States Code against Defendants, COUNTY OF ORANGE and the ORANGE COUNTY SHERIFF'S DEPARTMENT, for violations of the prohibition against cruel and unusual punishment and due process under the Eighth and Fourteenth Amendments of the United States Constitution.  As well, Plaintiff brings her cause of action for violations of her rights under California's Unruh Civil Rights Act, *Cal. Civ. Code* §51.

**JURISDICTION AND VENUE**

This is an action brought for recovery of damages for personal injury pursuant to 42 U.S.C. §1983 for prisoner rights alleging violations of the Eighth Amendment to the Constitution's prohibition against cruel and unusual punishment. Jurisdiction is proper under 28 U.S.C. §1331. Venue is proper based on the fact that all events contained herein occurred in the jurisdiction of the Central District-Southern Division. The Court also has concurrent supplemental jurisdiction for the state causes of action under 28 U.S.C. §1367.

**PARTIES**

**Plaintiff**, Sarah Philhart, is a resident of the County of Orange, California, and was at all times herein alleged a prisoner in the Orange County Jail.

**Defendant**, County of Orange, is the California governmental entity which owns and operates the county jail facility in which Plaintiff was incarcerated.

**Defendant,** Orange County Sheriffs Department is a subdivision of Defendant County of Orange and runs the County's jail facilities.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8. On or about May 19, 2019, Plaintiff underwent surgical repair of her knee. On or about June 16, 2020, Plaintiff underwent a cervical disc fusion surgery. As a result of these medical procedures and resulting physical impairments, Plaintiff was considered disabled under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §12101, and/or §504 of the Reformation Act of 1973.

9. On January 28, 2021, Plaintiff was arrested for driving under the influence and pled guilty to the charge. She was sentenced to a term of 6 (six) months of incarceration in the Orange County Jail.

10. Plaintiff was initially placed in the Defendant's main jail facility, however, on or about February 14, 2021, she was transferred to the Theo Lacy detention facility, also run by Defendant.

11. Upon transfer to the Theo Lacy facility, Plaintiff, 50-years-old at the time, was assigned a top bunk requiring her to climb, and said bunk had no guardrails to prevent a person from falling out of bed in their sleep.

12. Upon seeing her bunk assignment, Plaintiff immediately requested a lower bunk. This was due to the hardship of having to climb to the top bunk because of her disability, as well as guarding her safety from falling out of bed at a time during her rehabilitation from the cervical spine fusion which occurred only 8 months prior.

13. Plaintiff made the appropriate written requests with jail administrators who refused to re-locate her, and she was told that they would need a doctor's verification of her physical condition in order to consider her request. This was so even though there were lower bunks available.

14. Plaintiff provided jail administrators with all her relevant medical provider information in order that they could contact her doctors to verify her physical condition and needs.

15. Several days passed without any action on the part of Defendants and as Plaintiff repeatedly requested updated information on almost a daily basis. She was told that there had been no response from her medical providers, and they were still waiting. In the meantime, Plaintiff continued to sleep on the top bunk without a guardrail.

16. During the period that Plaintiff's request was pending, Plaintiff's husband, who was in contact with her, contacted Plaintiff's Primary Care Physician. The PCP attempted to call jail officials to verify Plaintiff's condition and needs but was put on hold for more than 30 minutes and was never transferred to jailhouse medical officials.

17. Plaintiff's husband also contacted her other medical providers to see if anyone from the jail had contacted them and learned there had been no calls for jailhouse medical staff or other officials.

18. On February 21, 2021, Plaintiff fell off the top bunk during her sleep due to the lack of a guardrail and fell to the floor suffering extensive personal injury. She was taken to UCI Medical Center at which time it was discovered that she has fractured her cervical spine.

19. During her time while incarcerated, Plaintiff requested certain medical care, however defendants provided no ongoing medical care after her discharge from UCI Medical Center despite her serious injuries and ongoing pain. This lack of medical care exacerbated her injuries.

SECOND AMENDED COMPLAINT 42 U.S.C. §1983

20. Plaintiff alleges that, based on the foregoing allegations, Defendants maintained a policy, custom and practice, or exhibited deliberate indifference by failing to properly assess the physical needs of its inmates upon intake and make the appropriate custody assignments for inmates possessing disabilities.

21. Plaintiff further alleges that Defendants maintained a policy, custom and practice, or exhibited deliberate indifference for failing to properly assess inmates needs based on ongoing medical necessity.

22. Defendants policies, customs or practices unreasonably exposed inmates to the known consequences to their health and safety, creating a foreseeable risk of injury.

23. Plaintiff has exhausted her administrative remedies with Defendants and her claim was denied on April 5, 2021.

24. Plaintiff initially filed her complaint against Defendant in state court on June 11, 2021. Based on the issues resulting from state law, Plaintiff dismissed her state court action and now files her action in this court under federal law.

### FIRST CAUSE OF ACTION

### 42 U.S.C. §1983

### Violations of Rights Under the United States Constitution's Eighth and Fourteenth Amendments

25. Plaintiff realleges and incorporates paragraphs 1-24 as though fully set forth herein.

26. Defendants, acting under color of state law, violated Plaintiff's rights under the Eighth and Fourteenth Amendments to United States Constitution which prohibits cruel and unusual punishment related to incarcerated persons as well as denial of their substantive due process rights.

27. Defendants violated Plaintiff's Eighth Amendment rights against cruel and unusual punishment when they failed to properly assess her physical condition and potential needs upon intake to Defendants' jail facility and their subsequent refusal to honor her multiple requests to be moved to a lower bunk in her jail dormitory due to her disability, forcing her to have to climb to an upper bunk. Plaintiff's upper bunk lacked sufficient safety features given there were no guardrails to protect against the probability of Plaintiff falling due to her disabled status.

28. Defendants further violated Plaintiff's Eight and Fourteenth Amendment rights by failing to render ongoing medical care to Plaintiff for her injuries suffered as a result of the fall from her upper bunk.

29. Defendants' violations of Plaintiff's constitutional rights were carried out pursuant to established municipal policy, custom, or practice and/or established through the decisions and conduct of final policymakers with authority to establish policy or by a final decisionmaker's ratification of subordinate's constitutional violations, or the execution of an informal policy constituting standard operational procedure.

30. Further, Defendants constitutional violations of Plaintiff's rights came about through exhibition of deliberate indifference to inmates needs based on a lack of training, instruction, or supervision of its employees in handling disabled inmates and the rendering of medical care to inmates, or the failure to establish a policy, custom and practice.

31. As a direct and proximate consequence of these unlawful acts by Defendants, Plaintiff has suffered and continues to suffer personal injury entitling her to compensation therefrom.

## SECOND CAUSE OF ACTION

### Violation of California Civil Code §51

32. Plaintiff realleges and incorporates paragraphs 1-31 as though fully set forth herein.

33. At all times relevant to the aforementioned allegations, the Unruh Civil Rights Act, (the "ACT"), codified as *Cal. Civil Code* §51, was in full force and effect and binding on Defendants. Said ACT states, in essence, that all people within the jurisdiction of the state of California are free and equal and are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. This statute includes disabled persons, among other traits.

34. At the time of her incarceration, Plaintiff was considered disabled. On several occasions, Plaintiff requested accommodation by Defendants for her disability, but her requests were refused. Plaintiff's accommodation request was for a lower bunk in order that she did not

have to climb to a top bunk, and to protect her from falling while sleeping due her disability because it lacked a guardrail.

35. As heretofore alleged, Plaintiff fell out of her assigned top bunk as was seriously injured. Plaintiff alleges that Defendants failure to accommodate her disability was the actual and proximate cause of her injury.

36. Plaintiff has suffered and continues to suffer personal injury entitling her to compensation therefrom.

**PRAYER FOR RELIEF**

<u>On ALL causes of action:</u>

1. For compensatory damages, according to proof;
2. For mental and emotional distress damages according to proof;
3. For attorney's fees under 42 U.S.C. §1988(b);
4. For any and all further relief which the court deems appropriate;
5. For costs of bringing suit herein;
6. For declaratory relief.

<u>On cause of action Two:</u>

7. For statutory damages under Cal. Civ. Code §52(a);
8. For attorney's fees under Cal. Civ. Code §52;

Dated: May 3, 2022                    **LAW OFFICES OF RANDALL J. PAULSON**

/s/ *Randall J. Paulson*
Randall J. Paulson
Attorney for Plaintiff