Randall J. Paulson, Esq., SBN 206933
**LAW OFFICES OF RANDALL J. PAULSON**
1651 E. 4th St., Ste. 215
Santa Ana, CA  92701
Tel    :        (714)  541-1023
Fax   :        (714)  541-1166
Email :        rpaulson@paulsonslaw.com

Attorney for Plaintiff:  SARAH PHILHART

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| SARAH PHILHART,<br><br>        Plaintiff,<br><br>   vs.<br><br>Erin Winger, Thomas Graham, and DOES 3 to 10,<br><br>        Defendants. | Case No.: 8:21-cv-01835<br><br>**FIFTH AMENDED COMPLAINT**<br><br>1. 42 U.S.C. §1983- VIOLATIONS OF RIGHTS UNDER THE UNITED STATES CONSTITUTION'S EIGHTH AMENDMENT;<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff, SARAH PHILHART, hereby files this FIFTH AMENDED COMPLAINT under section 1983 of the United States Code against Defendants, ERIN WINGER, THOMAS GRAHAM, and DOE Defendants 3-10 for violations of the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

This is an action brought for recovery of damages for damages pursuant to 42 U.S.C. §1983 for prisoner rights alleging violations of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment. Jurisdiction is proper under 28 U.S.C. §1331. Venue is proper based on the fact that all events contained herein occurred in the jurisdiction of the Central District-Southern Division. The Court also has concurrent supplemental jurisdiction for the state causes of action under 28 U.S.C. §1367.

## PARTIES

**Plaintiff**, Sarah Philhart, is a resident of the County of Orange, California, and was at all times herein alleged a prisoner in the Orange County Jail.

**Defendant**, Erin Winger, (WINGER), is employed by the Orange County Health Care Agency and serves as its Chief of Correctional Healthcare Services. At all times relevant herein, she was responsible for establishing policy, procedure, and protocol for inmate health care. She is also responsible for, training, employing, supervising, monitoring and/or directing DOE Defendants during Plaintiff's incarceration.

**Defendant,** Thomas Graham, (GRAHAM), is employed by the Orange County Sheriff's Department and is Commander in charge of the Theo Lacy detention facility. At all times relevant herein, he was responsible for carrying out policy, protocol, and procedure for handling inmate incarceration and as well training, supervising, monitoring, and/or directing DOE Defendants during Plaintiff's incarceration.

**Defendants DOES 3-10**, inclusive, are sworn peace officers and/or deputy Sheriffs, supervisors, investigators, Special Officers, medical staff or some other public officer, official or employee, acting within the scope of their employment, who in some way committed some or all of the acts or violations complained of in this action or are otherwise responsible for and liable to plaintiff, whose identities are unknown to her at this time. Plaintiff will seek to amend the complaint to add the actual names of the DOE defendants as they become known.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8. On or about May 19, 2019, plaintiff underwent surgical repair of her knee. On or about June 16, 2020, plaintiff underwent a cervical disc fusion surgery. She also has a history of severe lower back issues.

9. On January 29, 2021, plaintiff was arrested for driving under the influence and pled guilty to the charge. She was sentenced to a term of 6 (six) months of incarceration in the Orange County Jail.

10. Plaintiff was initially placed in the defendant's main jail facility, and upon her intake was designated ADA due to her mobility issues resulting from her previous surgeries. In the main jail facility, she was assigned a lower bunk.

11. On or about February 14, 2021, plaintiff was transferred to the Theo Lacy detention facility, run by the County of Orange and administered by the Orange County Sheriff's Department under the direction of Defendant GRAHAM.

12. Upon transfer to the Theo Lacy facility, plaintiff, 50-years-old at the time, was assigned a top bunk requiring her to climb, and said bunk had no guardrails to prevent a person from falling out of bed in their sleep. Defendants knew that plaintiff was designated ADA at the time of the bunk assignment.

13. Upon seeing her bunk assignment, plaintiff immediately requested a lower bunk. This was due to the hardship of having to climb to the top bunk because of her disability, as well as guarding her safety from falling out of bed at a time during her rehabilitation from the cervical spine fusion which occurred only 8 months prior.

14. Plaintiff made the appropriate written requests with medical staff, directed and supervised by WINGER, who failed to re-locate her. This was so even though there were lower bunks available.

15. Several days passed without any action on the part of defendants and plaintiff repeatedly requested updated information on almost a daily basis. In the meantime, plaintiff continued to sleep on the top bunk without a guardrail, which required her to have to climb a ladder and causing pain and discomfort due to her prior knee surgery.

FIFTH AMENDED COMPLAINT 42 U.S.C. §1983

16. On February 28, 2021, plaintiff fell off the top bunk during her sleep due to defendants' failure to relocate her to a lower bunk, suffering extensive personal injury. She was taken to UCI Medical Center at which time it was discovered that she has fractured a cervical vertebrae. She was treated and discharged the same day.

17. Upon discharge from UCI Medical Center, ("UCI"), she was returned to the Orange County Jail infirmary where she spent 2 months.

18. Upon her discharge from UCI, Plaintiff's emergency room physician prescribed certain medications to help alleviate her pain, which was significant. Plaintiff provided defendants with authorization to procure all her UCI discharge documents, including her medication prescription as well as the hospital diagnosis of the extent of her injury.

19. In addition to her discharge paperwork, she also provided defendants with an additional prosthetic device in the form of a cervical collar which she was to use while showering and was different from the one she would use regularly during non-showering times. At some point, when Plaintiff requested her shower collar, she was told that her shower collar had been lost. That required her to use her regular collar, which was not waterproof, to shower. As a result of her daily collar getting wet and having to keep it on at all times, plaintiff experienced lowered body temperature, shivering, chills, pain and discomfort due to the wet collar. Defendants refused to provide a new one or obtain a replacement on her behalf.

20. Due to her injury, Plaintiff required medication to manage her pain and as previously alleged, she provided Defendants with her prescription. During her stay in the infirmary Plaintiff was never administered any medications for pain despite the fact that she requested them on a daily basis. Plaintiff alleges that defendant's unreasonably refused or delayed providing her with necessary medications to alleviate pain per her doctor's prescription.

21. Additionally, Plaintiff requested accommodations for her disabilities and injury; a pillow for her neck and an additional mattress in order to assist with her comfort while sleeping or resting. Defendants refused to provide plaintiff with a pillow and instead temporarily provided her with a blanket to fold and use as a pillow. She was told that if she needed a pillow she would have to purchase it from the jail commissary.

FIFTH AMENDED COMPLAINT 42 U.S.C. §1983

22. After her release from the infirmary, Plaintiff was transferred back to the Theo Lacy detention center for the remaining 1-1/2 months of her sentence.  For that period of time she received no dispensations of medication as prescribed by her ER physician.

23. Plaintiff has exhausted her administrative remedies with defendants and her claim was denied on April 5, 2021.

**FIRST CAUSE OF ACTION**

**42 U.S.C. §1983**

**Violations of Rights Under the United States Constitution's Eighth Amendment**

**Prohibition Against Cruel and Unusual Punishment**

24. Plaintiff realleges and incorporates paragraphs 1-23 as though fully set forth herein.

25. Defendants, acting under color of state law, violated plaintiff's rights under the Eighth Amendment to United States Constitution which prohibits cruel and unusual punishment related to incarcerated persons as further alleged.

26. Defendants violated plaintiff's Eighth Amendment rights against cruel and unusual punishment when they failed to transfer her to a lower bunk with full knowledge that she was a disabled inmate and designated ADA.

27. Defendants violated plaintiff's Eighth Amendment rights against cruel and unusual punishment when they had explicit knowledge by way of Plaintiff's discharge papers from UCI that she had a serious medical condition that would require ongoing pain management while incarcerated.

28. More specifically, defendants knew or were aware that Plaintiff had incurred a serious medical condition while incarcerated and had been prescribed pain management medications by her physician upon her return to the jail facility from UCI.  But with intentional deliberation, they failed or otherwise refused to provide her with these medications even as Plaintiff was pleading the need.

29. With full knowledge of plaintiff's serious medical condition and her need for pain management medications, the deliberate failure of the part of defendants to provide ongoing pain management to Plaintiff after her injury was an exhibition of deliberate indifference to the

excessive risk of exacerbating her condition as well as exposing her to unnecessary infliction of continual pain and suffering and emotional distress.

30. Plaintiff also alleges that defendants exhibited deliberate indifference for failure to safely secure a necessary prosthetic device in order for her to change out her daily neck collar while showering, and which caused great discomfort due to water saturation adding to her pain and suffering. Additionally, failing to provide her with a replacement shower collar exhibited deliberate indifference to her medical needs.

31. Plaintiff further alleges that defendants exhibited deliberate indifference for failure to provide her with necessary neck and support during times when she was sleeping by not providing her with an extra matt due to her back disability and pillow for her bunk forcing her to procure one on her own from the jail's commissary, which added another layer of pain and suffering to her condition.

32. Defendant's WINGER and GRAHAM refused or otherwise failed to direct, monitor, supervise, or properly train DOE defendants on the appropriate handling of disabled inmates which was the actual and proximate cause of plaintiff's damages.

**PRAYER FOR RELIEF**

1. For compensatory damages, according to proof;
2. For mental and emotional distress damages according to proof;
3. For punitive damages against all individual defendants sued herein as DOE Defendants;
4. For attorney's fees under 42 U.S.C. §1988(b);
5. For any and all further relief which the court deems appropriate;
6. For costs of bringing suit herein;

Dated: March 7, 2023　　　　　　　**LAW OFFICES OF RANDALL J. PAULSON**

　　　　　　　　　　　　　　　　　　　　/s/ *Randall J. Paulson*
　　　　　　　　　　　　　　　　　　Randall J. Paulson
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff